LAW OFFICE OF RICHARD W. SNYDER
RICHARD W. SNYDER, ESQ., State Bar # 183570
131 N. Tustin Ave., Suite 200
Tustin, CA 92780
(714) 505-7585

Attorney for Movant
MERCHANTS ACQUISITION GROUP LLC



**FILED & ENTERED**

**FEB 15 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA  CHANGES MADE BY COURT

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARY SIMMONS<br><br>           Debtor, | Case No.: 2:18-24457-RK<br><br>CHAPTER   7<br><br>ORDER ON MERCHANTS ACQUISITION GROUP'S MOTION FOR ORDER AUTHORIZING DEBTOR EXAMINATION AND PRODUCTION OF DOCUMENTS UNDER BANKRUPTCY RULE 2004<br><br>~~Date:  03/08/2019~~<br>~~Time:  01:30PM~~<br>~~Place: 131 N TUSTIN AVE~~<br>~~         SUITE 200~~<br>~~         TUSTIN CA 92780~~ |

    Having considered the motion of Merchants Acquisition Group LLC ("Movant") to examine the above-named Debtor under Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2004-1 and 9013-1(p), the court orders that the Motion is DENIED WITHOUT PREJUDICE for failure to comply with the pre-filing conference requirement of Local Bankruptcy Rule 2004-1(a) in good faith by denying Debtor represented by counsel an adequate opportunity to respond to Movant's February 6, 2019 letter to arrange for a mutually agreeable date, time, place and scope

of examination and production. Richard W. Snyder, of Law Office of Richard W. Snyder, represents Movant.

    Movant did not attempt to meet and confer in good faith before filing the Motion as required by Local Bankruptcy Rule 2004-1(a). On February 6, 2019, Movant faxed a letter to Debtor's counsel, Heather Canning, dated February 6, 2019 as its attempt to arrange for a mutually agreeable date, time, place and scope of an examination and/or production under Local Bankruptcy Rule 2004. Pursuant to Movant's counsel's letter, Debtor's counsel had four days to respond by contacting Movant's counsel before Movant would file its Rule 2004 examination motion. Movant filed its Rule 2004 examination motion on February 12, 2019, only three days before filing the motion, not four days, as represented in the letter, and two of these days were on a weekend, a Saturday and a Sunday, and not regular business days, which further indicates a lack of a good faith effort to meet and confer.  Federal Rule of Bankruptcy Procedure 9006(a)(1)(A) excludes the day of the event that triggers the period. Nothing in Movant's papers shows that Movant's counsel made any other attempt to call or otherwise contact Debtor's counsel. Movant's counsel's effort, or lack of effort, to comply with the prefiling conference requirement of Local Bankruptcy Rule 2004-1(a) consisting only of a faxed demand letter without any attempt to contact Debtor's counsel by telephone, and then shorting the time for response by Debtor, is not in good faith.

    Accordingly, the above named Debtor is **NOT** ordered to appear before Movant's attorney, Mr. Snyder, at his office at 131 N. Tustin Ave., Suite 200, Tustin, CA 92780, on March 8, 2019 at 1:30 p.m. **The examination is cancelled by this order**.

    However, Debtor is advised that the examination may be rescheduled and

ordered if Movant follows the proper procedures under Local Bankruptcy Rules 2004-1 and 9013-1(p) and promptly submits a proposed order for examination once it files and serves a new motion for examination of Debtor under these rules, so that the court can issue an order for examination if the new motion is granted, which will provide reasonable advance notice to Debtor to appear for examination.

    Meanwhile, by this order, Movant's motion for examination of Debtor is DENIED WITHOUT PREJUDICE, Debtor need not appear before Movant's attorney on March 8, 2019, and Movant is admonished to follow the correct rules and procedures in bringing motions for Rule 2004 examination. *See In re Francisco Rafael Gomez-Aburto,* No. 2:17-bk-16045 RK Chapter 7 (Bankr. C.D. Cal., order filed and entered on August 8, 2017) (order admonishing Mr. Synder for essentially the same conduct). For any future Rule 2004 motion in this case, Movant must fax, email and call opposing counsel in order to set a date and time of a prefiling conference that is convenient for all parties, and must give Debtor and his counsel at least one week's time for response to avoid any recurring problem with short notice, and the court will not approve any examination order without complying with these requirements.

    IT IS SO ORDERED.                      ###

Date: February 15, 2019

_____
Robert Kwan
United States Bankruptcy Judge